# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DAVID TRUCKS, )
)
        Plaintiff, )
)
    v. )        No. 4:17-CV-2517 CAS
)
PLAMEN SHARBANOV, )
)
        Defendant. )

## ORDER CONCERNING REMOVAL

This matter is before the Court on review of the file following removal. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002).

Plaintiff initially filed suit in the Circuit Court of Crawford County, State of Missouri. This case arises out of an alleged vehicular accident resulting in personal injury to plaintiff. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446.

**Legal Standard**

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of subject matter jurisdiction. St. Paul Mercury Indem. Co. v.

<u>Red Cab Co.</u>, 303 U.S. 283, 291 (1938).  The district court may also look to the notice of removal to determine its jurisdiction.  28 U.S.C. § 1446(c)(2)(A)(ii); <u>Ratermann v. Cellco P'ship</u>, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009).  The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied.  <u>Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.</u>, 561 F.3d 904, 912 (8th Cir. 2009).  "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]"  <u>Id.</u>

In a case based upon this Court's diversity jurisdiction, in addition to complete diversity of citizenship among the parties, the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Federal courts are to strictly construe the amount in controversy requirement, as the purpose underlying it is to limit the federal courts' diversity caseload.  <u>Snyder v. Harris</u>, 394 U.S. 332, 339 (1969).

**Discussion**

With respect to the amount in controversy, the prayer in plaintiff's petition is for a "fair and reasonable sum in excess of" $25,000.00.  This is in accordance with Missouri pleading requirements which prohibit a plaintiff claiming tort damages from pleading a monetary amount of damages, except to determine the proper jurisdictional authority.  <u>See</u> Mo. R. Civ. P. 55.05; Mo. Rev. Stat. § 517.011.1(1) (2000).  Plaintiff alleges that the vehicular collision caused him "to be thrown about and suffer injuries to his head, neck, shoulders, upper and lower spine, ribs and body generally and as a result thereof, plaintiff has been caused to incur expenses for his medical care and treatment for said injuries and will in the future incur additional expenses for same."  Petition at 1-2.

To meet its burden with regard to the jurisdictional amount, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  28 U.S.C. § 1446(c)(2)(B); <u>Bell v. Hershey Co.</u>, 557 F.3d 953, 956 (8th Cir. 2009).  "The preponderance of

the evidence standard requires a defendant to demonstrate by sufficient proof that a plaintiff's verdict reasonably may exceed the jurisdictional amount." City of University City, Mo. v. AT & T Wireless Servs., Inc., 229 F.Supp.2d 927, 932 (E.D. Mo. 2002) (internal quotation marks and quoted case omitted). Specific facts or evidence are required to demonstrate that the jurisdictional amount is met. Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004).

In his removal notice, defendant asserts on "information and belief" that the amount in controversy exceeds the $75,000 jurisdictional amount because plaintiff has alleged "fair and reasonable damages for injuries alleged to have been serious in nature, including past medical care and future medical treatment." Notice of Removal at 2. The Court finds the record does not demonstrate that defendant has met his burden to establish by a preponderance of the evidence, by specific facts or evidence, that an amount in excess of $75,000 is actually in controversy.

**Conclusion**

Based on the foregoing, the Court cannot determine whether it has subject matter jurisdiction over this action. The Court will grant defendant seven (7) days to file an amended Notice of Removal to establish the existence of the requisite jurisdictional amount in controversy by specific facts or evidence. See 28 U.S.C. § 1653. Defendant's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **October 12, 2017**, defendant shall file an amended Notice of Removal alleging specific facts or evidence sufficient to establish the requisite jurisdictional amount in controversy.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply with this order, this matter will be remanded to the state court from which it was removed, for lack of subject matter jurisdiction.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of October, 2017.